John APPLEWHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01043–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 1994.

Paul Decuir, Jr., Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Jean Hughes, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, John Applewhite, was arrested on July 1, 1993, and on July 9, 1993, indicted for theft over $20,000 but less than $100,000, under cause number 668326. At that time, appellant was held without bond. Appellant petitioned the trial court for a bond reduction, which after a hearing on July 19, 1993, the trial court denied. Cause number 668326 was dismissed when appellant was reindicted on August 27, 1993, under cause number 673100 and his bail was set at $100,000. A bond reduction hearing held on September 9, 1993, on that alleged offense resulted in the trial court lowering bail to $80,000. In this a third bond reduction proceeding, appellant requested the trial court to reduce the bail to $2,000. After a hearing on November 3, 1993, the trial court denied appellant's request, and appellant appeals the trial court's denial.

At the November 3, 1993, bond reduction hearing, the State announced, "the State is ready now, as it has been at all times." The State reiterated the bond reduction history of the case and asked the court to take judicial notice of the testimony and transcript from the two previous bond reduction hearings, which the court agreed to do. Appellant has brought up to this Court for review only the transcript and statement of facts from the November 3, 1993, bond reduction proceeding and the transcript from the original theft charge under cause number 668326. The record does not contain the statement of facts or transcripts from the two previous bond reduction proceedings.

In his first point of error, appellant asserts the trial court erred in not reducing his bail because it is excessive.

■■■ The burden is on appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). It is the defendant's burden to show that his bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981); *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex.App.— Houston [1st Dist.] 1985, no pet.).

■■ In the absence of a record of the proceedings or a claim of deprivation of a record of the proceedings at the July 9, 1993, and September 19, 1993, bond reduction hearings, of which the trial court took judicial notice at the November 3, 1993, hearing, we must presume the evidence supported the trial court's refusal to reduce the bail. *Moncivaiz v. State*, 752 S.W.2d 722, 724 (Tex. App.—Corpus Christi 1988), *pet. ref'd, rev'd on other grounds*, 778 S.W.2d 866 (Tex.Crim. App.1989). Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant asserts the trial court erred in not granting him the relief requested in his application for writ of habeas corpus because he had been incarcerated for more than 90 days and the State had not announced ready for trial within that period.

Appellant relies on Tex.Code Crim. P.Ann. art. 17.151, section 1 (Vernon Supp. 1994):

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony

Appellant cites *Jones v. State*, 803 S.W.2d 712, 717 (Tex.Crim.App.1991) for the proposition that the State's announcement that it "has been ready" does not exclude the possibility that it did not become ready until sometime after the lapse of the required 90-day period. However, appellant misconstrues the State's statement. The State did not simply say that it has been ready, but rather that it has been ready "at all times." The trial court was free to interpret this to mean that the State had been ready within the required 90-day period. *See, e.g., Jones*, 803 S.W.2d at 718. Once the State made this prima facie showing of readiness, it was up to appellant to rebut it. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App. [Panel Op.] 1979). Evidence to rebut the prima facie showing can be from any source, including cross-examination of those responsible for preparing the State's case, and may consist of, among other things, a demonstration that the State did not have a key witness or piece of evidence available by the last day of the applicable time limit. *Id.* At the habeas hearing, to rebut the State's prima facie showing of readiness, appellant asked the court to take notice of its file of the charged offense to show that the complainants in the case had not been present at any of the hearings in the case and that no subpoenas had been issued for any of the complainants. However, the issuance of a subpoena is not essential to the State's readiness for trial. *Philen v. State*, 683 S.W.2d 440, 444 (Tex. Crim.App.1984). To show the State's unreadiness, more than the mere fact that a witness had not been subpoenaed during the 90-day period must be shown. *See Jones*, 803 S.W.2d at 718. Because appellant failed to show that the complainants were not present or readily available to testify during the 90 days following appellant's arrest, he failed to carry his burden of rebutting the State's prima facie showing of readiness. *See id.*

Accordingly, we overrule appellant's second point of error.

The trial court's judgment is affirmed.