**Ex parte Melanie Diane GREEN, Appellant.**

No. 08–96–00319–CR.

Court of Appeals of Texas, El Paso.

Feb. 27, 1997.

Michael Holmes, Odessa, for Appellant.

John W. Smith, District Attorney, Odessa, for State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

Appellant filed an application for writ of habeas corpus seeking a reduction in bail. Following an evidentiary hearing, the trial court denied relief, and this appeal followed.

### I. SUMMARY OF THE EVIDENCE

Appellant was indicted for the offense of capital murder. The indictment alleges that Appellant, on or about the 19th day of October, 1994, murdered Rachel Juanita Green by employing another, Lincoln Keith, to commit the murder of the victim for remuneration. At the evidentiary hearing, Guadalupe Ybarra testified that she worked for T & T Bonding in Odessa, Texas. She stated that while it appeared that Appellant was at one time able to bond out of jail through her

company, the bond was returned because the bonding company did not have enough assets to post the bond. Ybarra testified that no other bonding company in Odessa had enough assets to post the bond.

Appellant testified that she had been in jail for twenty-one months. Her bond was set at $200,000. She stated that she had accumulated $14,000 in social security benefits. Appellant related that the T & T Bonding Company could not make her bail because they had insufficient collateral. She stated if her bail was reduced to $120,000, she thought the bonding company could make the bond. She related that if released, she would go back to school and obtain a job—she was willing to stay in the Alternative Center.

Roberta Jean Holbrook, an elementary school counselor who had counseled Appellant, stated that Appellant could live with her if released from jail. She stated that she was aware that two other individuals with whom Appellant was allegedly involved in the charged offense had been convicted of capital murder.

At the close of evidence, counsel for the State requested that as the court had presided over the other cases, that it take judicial notice of the facts in the two prior capital murder convictions of the other individuals involved in the case; as well as the fact the convictions resulted in two life sentences. The court took judicial notice of the two convictions and stated that it would not reduce the bond in light of those circumstances. Neither those circumstances, nor the facts surrounding the present case were developed at the hearing.

Appellant filed her sworn application for writ of habeas corpus on July 17, 1996. In that motion, it states that Appellant only recently attained the age of seventeen; she has never been gainfully employed and she had no relatives willing or able to assist in posting bail.

### II. DISCUSSION

■ In Appellant's sole point of error, she asserts that the court erred in refusing to reduce Appellant's bond. The primary purpose or object of an appearance bond is to

secure the presence of the accused in court for the trial of the offense charged. *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex. Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex.Crim.App.1977). Bail should be set high enough to give reasonable assurance that the defendant will appear at trial, yet it should not be used as an instrument of oppression. *Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App.1980); *Ex parte Vasquez,* 558 S.W.2d at 479. The burden is upon the person seeking a reduction to demonstrate that the bail set is excessive. *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Crim.App.1980); *Vasquez,* 558 S.W.2d at 479. Setting bail is within the sound discretion of the trial court and although there is no precise standard of review in such cases, TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1996) serves as a guide. *Ex parte Pemberton,* 577 S.W.2d 266, 267 (Tex. Crim.App.1979).

Article 17.15 provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1997).

■ The following seven factors should also be considered in setting bail: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the offense the accused is charged with committing. *Ex parte Rubac,* 611 S.W.2d 848, 849–50 (Tex.Crim.App.1981); *Ex parte Goosby,* 685 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ With regard to the first factor in Article 17.15, the record does not reflect that Appellant has any prior adult or juvenile record. No evidence of risk of flight was introduced. Appellant has never been gainfully employed and she has no relatives who are willing or able to provide financial assistance. She has the offer to live with her former school counselor.

■ Secondly, the power to require bail cannot result in it being an instrument of oppression. Appellant testified that she could make a bond of $120,000 utilizing her accrued social security payments. However, ability to make bail is a factor to be considered, but ability alone, even indigency, does not control the amount of bail. *Ex parte Charlesworth,* 600 S.W.2d at 317.

Regarding the circumstances and nature of the offense, Appellant is charged with a capital offense. She faces the potential of an automatic life sentence. TEX.PENAL CODE ANN. § 12.31(a) (Vernon 1994).[1] The facts of the case were not presented at the habeas corpus hearing, although it was established that each of Appellant's co-defendants were convicted and received life sentences. The indictment alleges that Appellant employed another individual to murder the victim.

There was no evidence presented at the hearing concerning the future safety of the community. Aside from noting magnitude of the alleged offense, we are not able to apply that factor. It is axiomatic that an allegation of capital murder is a serious charge that cannot be taken lightly by the courts or law

---

1. As Appellant was younger than seventeen years old at the time of the offense, she cannot receive the death penalty. TEX.PENAL CODE ANN. § 8.07(d)(Vernon 1994).

enforcement authorities who are charged with preserving public safety. We are mindful of the right of a crime victim, or in this case, the crime victim's family, to have the judge take into consideration the safety of the victim or family as an element in fixing the amount of bail for the accused. See TEX.CODE CRIM.PROC.ANN. art. 56.02(a)(2)(Vernon 1994). We are likewise mindful in balancing the factors required by the criminal justice system, of the rights guaranteed, the Appellant under the Texas Constitution, our responsibilities under the Texas Constitution, and our obligation to uphold the Texas Constitution and adhere to its principles. Accordingly, applying the above mentioned factors, we find that the bond of $200,000 is excessive. Appellant's point of error is sustained and the order denying habeas corpus relief is reversed. The relief sought is granted to the extent that Appellant's bail is ordered reduced and set at $150,000. Of course, if Appellant is released on bond, the trial court may impose conditions authorized by law.

We reverse the order denying habeas corpus relief.