COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-03-00311-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  VICTOR M. CUEVAS, JR.             )                 106th District Court

                                                                              )

                                                                              )            
of Gaines County, Texas

                                                                              )

                                                                              )                    (TC# 03-3324)

                                                                              )

 

 

O
P I N I O N

 

Appellant Victor
M. Cuevas, Jr. is charged with the offense of engaging in organized criminal
activity and the offense of theft of property, to wit:  a John Deere tractor in the value of $100,000
or more but less than $200,000.  Bail was
set at $1,000,000.  Appellant filed a
motion to reduce the amount of bond to $10,000. 
After a hearing, the trial court denied Appellant=s
motion.  Appellant now brings this
appeal, challenging the trial court=s
order denying his motion to reduce bond. 
We reverse and remand to the trial court for further proceedings
consistent with this opinion.








On May 29, 2003,
Appellant was indicted for the offenses of engaging in organized criminal
activity and theft.  Appellant filed a
motion to reduce bond on June 16, 2003. 
On June 19, 2003, the trial court conducted a hearing on the
motion.  At the hearing, Appellant called
two witnesses to testify on his behalf, his sister Maribel Rodriguez and Joe
Nagy, Jr., a local attorney familiar with bail issuance and bondsmen in the
area.  Ms. Rodriguez testified that
Appellant is one of eight children in the Cuevas family and is a naturalized
citizen who was born in Mexico.  Most of
Appellant=s
immediate family lives in Seminole and Odessa, Texas.  Prior to his arrest, Appellant had been
living in El Paso for four years. 
Appellant was self-employed and sold seed to farmers.  Ms. Rodriguez believes Appellant has close
family ties to Gaines County.  Appellant=s father has property holdings in
Gaines County, valued at approximately $200,000, which he would be willing to
use to post bail for Appellant. 
Appellant has three children with an ex-wife and his common-law partner
is pregnant and due in December.  Ms.
Rodriguez testified that she talked to some bail bondsmen about posting bail in
the amount of $1 million and was told it was not possible.  Ms. Rodriguez believes that $50,000 or less
would be a reasonable amount of bail in this case.

On
cross-examination, Ms. Rodriguez conceded that she contacted one bond agency in
Odessa, and that at the time, she did not know a lot about Appellant=s case. 
The agency she contacted did not provide an amount because they needed
more information.  Ms. Rodriguez admitted
that she never received a figure from a bail bondsmen to determine how much
money the family would have to raise. 
Ms. Rodriguez does not know how much property Appellant owns.  Ms. Rodriguez also admitted that she is aware
her brother and his partner were arrested in Oklahoma and are facing drug
conspiracy charges in that state.








Attorney Joe Nagy,
Jr., local counsel for Appellant, testified that he is familiar with how bail
is generally posted in Gaines County and familiar with some of the local
bondsmen.  With respect to Appellant=s case, Mr. Nagy spoke with Jim Caton,
a local bondsman.  Mr. Caton informed him
that the largest amount most bondsmen are willing to post is a bond for
$25,000, for which they request 10 percent, that is, $2,500 for a $25,000
bond.  Mr. Nagy=s
office contacted several bondsmen, but they were unable to find a bondsman who
would be willing to post a $1 million bail no matter what the fee.  Mr. Nagy believes that bail of less than
$50,000 would be a reasonable amount for the family to post.

On
cross-examination, Mr. Nagy provided additional information about his
conversation with Mr. Caton.  Mr. Nagy
asked Mr. Caton if there anyway that they could get a $1 million bail in
Seminole, and Mr. Caton said no.  Mr.
Caton also did not think that they could find another bondsman in the state
that could post that bail amount.  Mr.
Nagy mentioned to Mr. Caton that Appellant=s
father had property that could be of value at $250,000.  Mr. Caton replied, AJoe,
I=m not doing a $1 million bond.  I don=t
care what they have.@

After Appellant
rested, the State made a motion in which it argued that Appellant had failed to
satisfy his burden under Ex parte Williams, 467 S.W.2d 433
(Tex.Crim.App. 1971), to show that he had made an adequate effort to furnish
bail in this case.  The State noted that
Ms. Rodriguez did not know how much property Appellant owned and was never
told by a bondsman the amount of money they would need for bail.  The State further noted that Mr. Caton said
he would not furnish bail under any circumstances.  Based on the State=s
argument, the trial court stated that it would follow Ex parte Williams
and found that Appellant had failed to meet the burden purportedly set in Ex
parte Williams; that is, a showing that Appellant has not been able to make
bond.  The trial court then stated that
Appellant=s bail
remained set at $1 million.  Appellant
now appeals the trial court=s
order denying his motion to reduce bond.








Appellant contends
the trial court abused its discretion in denying his motion to reduce bond
because bail set by the trial court was excessive.  We agree.

The primary
purpose of an appearance bond is to secure the presence of the accused in court
for the trial of the offense charged.  Ex
parte Rodriguez, 595 S.W.2d 549, 550 (Tex.Crim.App. 1980); Ex parte
Vasquez, 558 S.W.2d 477, 479 (Tex.Crim.App. 1977); Ex parte Green,
940 S.W.2d 799, 800‑01 (Tex.App.‑‑El Paso 1997, no
pet.).  Bail should therefore be set in
an amount sufficient to give reasonable assurance that the defendant will
appear at trial, but it should not be an amount that acts as an instrument of
oppression.  See Ex parte Ivey,
594 S.W.2d 98, 99 (Tex.Crim.App. 1980); Ex parte Vasquez, 558 S.W.2d at
479.  The burden of proof is on the
applicant to prove that the bail set is excessive.  Ex parte Rubac, 611 S.W.2d 848, 849
(Tex.Crim.App. 1981).

Under Texas law,
the amount of bail required in any case is set pursuant to the discretion of
the court, judge, magistrate, or officer and is governed by the following rules
as set forth in Article 17.15 of the Texas Code of Criminal Procedure:

(1)        The bail shall be sufficiently high to
give reasonable assurance that the undertaking will be complied with.

 

(2)        The power to require bail is not to be
so used as to make it an instrument of oppression.

 

(3)        The nature of the offense and the
circumstances under which it was committed are to be considered.

 

(4)        The ability to make bail is to be
regarded, and proof may be taken upon this point.

 

(5)        The future safety of a victim of the
alleged offense and the community shall be considered.

 

See Tex.Code Crim.Proc.Ann. art. 17.15 (Vernon Supp. 2003).








The following factors should also
be considered in determining the amount of bail:  (1) the accused=s
work record; (2) the accused=s
family and community ties; (3) the accused=s
length of residency; (4) the accused=s
prior criminal record, if any; (5) the accused=s
conformity with the conditions of any previous bond; (6) the existence of
outstanding bonds, if any; and (7) aggravating circumstances alleged to have
been involved in the offense the accused is charged with committing.  Ex parte Green, 940 S.W.2d at 801, citing
Ex parte Rubac, 611 S.W.2d 848, 849‑50 (Tex.Crim.App. 1981).  We review the trial court=s ruling for an abuse of
discretion.  Ex parte Rubac,
611 S.W.2d at 850.

Appellant
complains that the trial court abused its discretion in denying his motion to
reduce bail.  In response, the State
argues that Appellant failed to met his burden in showing that as a prima
facie matter, he made an effort to furnish bond in the amount fixed,
relying on Ex parte Williams. 
We find that the State=s
reliance on Ex parte Williams is illused.  In Ex parte Williams, the Court of
Criminal Appeals reviewed a trial judge=s
refusal to reduce bail.  Ex parte
Williams, 467 S.W.2d at 434.  The
Court held that the trial court did not abuse its discretion in refusing to
lower the bond, stating that the appellant=s
ability to make bond is not the sole criteria in setting bond.  Id. 
The Court then added that A[f]urther,
there is no evidence in this record that an effort has been made by this
appellant to furnish a bail in the amounts fixed by the Justice of the Peace
Court.  In the absence of such evidence,
the complaint of excessive bail is not presented.@  [Emphasis added].  Id. 
Ex parte Williams does not establish an implicit prima facie
burden that Appellant must satisfy before consideration of the factors set out
in Article 17.15 of the Texas Code of Criminal Procedure.  Rather, Ex parte Williams merely
addresses Appellant=s burden
in proving excessive bail with respect to his ability to pay.  








Here, Appellant
presented evidence to show he made an effort to furnish bond in the amount
set.  Appellant unsuccessfully attempted
to secure a bond in the amount set, therefore, this aspect of his burden of
proof was satisfied.  It is evident from
the record that the trial court failed to consider Article 17.15 factors and
relevant case law in its decision not to reduce bond in this case.  See Tex.Code
Crim.Proc.Ann. art. 17.15; Ex parte Rubac, 611 S.W.2d at 849‑50.   Therefore, the trial court abused its
discretion in failing to consider Tex.Code
Crim.Proc.Ann. art. 17.15 in its determination of bail setting.  We sustain Appellant=s
issues on appeal.

Accordingly, we
reverse and remand this case to the trial court for further proceedings
consistent with this opinion

 

 

October 30, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Publish)