Reversed and Remanded and Majority and Concurring
Opinions filed June 1, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01421-CR

NO. 14-03-01423-CR

NO. 14-04-00194-CR

____________

 

EX PARTE ROBERT
DURST,
PETITIONER

 

 

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause Nos. 01CR1900
& 01CR2007 & 04CR0323

 



 

C O N C U R R I N G   O P I N I O N

I join in every aspect of the majority
opinion except one.  I write separately
because, in my opinion, under the unusual circumstances of this case, we should
set a bail amount on each of the three indictments.

As the majority explained, appellant is
charged with three third-degree felony offenses; each offense is punishable by
a maximum of ten years= confinement and a $10,000 fine.  We have already held that a $1 billion bond
for each caseCand even a $10,000,000 bond for all threeCis too much.








When we receive an appeal alleging a bail
amount is too high, and we determine the claim is valid, we typically set an
amount.  I believe we should and can do
that here.  Reversing without setting an
amount is an inefficient use of everyone=sClawyers= and judges=Ctime.

I believe that bond for each indictment
should be set between $150,000 and $200,000. 
That range is higher than what is usually assessed for a third degree
felony.  In fact, a $150,000 to $200,000
bail is most often reserved for murder[1]
and other second- and first-degree felonies.[2]  However, two of the third-degree felonies are
for fleeing in the face of an indictment charging murder and the third is for
destruction of evidenceCwhich in this case is a human body.  These are serious offenses.

Additionally, appellant has fled before when
faced with an indictment.  As a result,
$150,000 to $200,000 for each offense does not seem too high; it addresses both
the seriousness of the offenses and appellant=s history of
fleeing when faced with legal troubles. 
And, appellant has acknowledged his ability and willingness to post this
amount.








Some might claim that this rangeCwhich is two
hundredth=s of a percent of the original bail amountCis too low because
appellant has fled before.  But, the
trial court has already addressed this problem by imposing conditions designed
to prevent flight.  As the majority
states, each bond requires appellant to do the following: (1) surrender his
passport; (2) not leave Galveston or Harris Counties without prior written
court approval; and (3) appear weekly in the trial court.  In addition to these three conditions, the
judge imposed one other, more important condition: appellant must pay for
twenty-four hour supervision by a licensed peace officer of the State of Texas
chosen by the trial judge.  With these precautions,
the judge has done all she can to ensure that appellant does not flee.

In short, the original bail amount of
$1,000,000,000 is too high.  I would
reverse that part of the judgment setting bail and set a new bond amount for
each alleged offense between $150,000 and $200,000.  I would affirm the portion of the judgment
imposing conditions on each bond.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed June 1, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore. (Edelman, J., majority).

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  See, e.g.,
Ex parte Garza, No. 04‑02‑00803‑CR, 2003 WL 21750013
(Tex. App.CSan Antonio July 30, 2003, no pet.) (not designated
for publication); Ex parte Green, 940 S.W.2d 799 (Tex. App.CEl Paso 1997, no pet.); Ex parte Prelow, 929
S.W.2d 54 (Tex. App.CSan Antonio 1996, no pet.).





[2]  See, e.g.,
Hernandez v. State, No. 07‑03‑0094‑CR, 2003 WL
21998057 (Tex. App.CAmarillo Aug. 22, 2003, no pet.) (not designated for
publication) (possession of over 400 grams of cocaine); Ex parte Huff,
No. 14‑02‑01069‑CR, 2003 WL 1344843 (Tex. App.CHouston [14th Dist.] Mar. 20, 2003, no pet.) (not
designated for publication) (possession with intent to deliver at least 400
grams of cocaine); Ex parte Gomez, No. 04‑02‑00431‑CR,
2003 WL 292175 (Tex. App.CSan Antonio Feb. 12, 2003, no pet.) (not designated
for publication) (child abandonment or endangerment, arson, and assault on a
family member); Ex parte Leonides, No. 03‑01‑00641‑CR,
2002 WL 189057 (Tex. App.CAustin Feb. 7, 2002, no pet.) (not designated for
publication) (intoxication manslaughter).