In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-324 CR


____________________



EX PARTE FERGUSON PARKER, JR.





 

On Appeal from the 252nd Judicial District Court


Jefferson County, Texas


Trial Cause No. 2071








MEMORANDUM OPINION


 Appellant asks this Court to order a reduction in the amount of his bail. The
indictments allege that while Ferguson Parker, Jr. was an employee of a school, he sexually
assaulted a student. The trial court set the amount of Parker's bail at $100,000.00 per case
for a total of $300,000.00. Parker filed two applications for writ of habeas corpus and a
brief, in which he asserted the amount of his bail was excessive. He asserted he is not a flight
risk or a danger to the community. He requested that his bond be reduced to $5,000.00 in
each case. The trial court entered an order denying Parker's first application for writ of
habeas corpus. However, after an evidentiary hearing, the trial court lowered his bond to
$270,000.00 ($90,000.00 per case). Parker then filed this appeal, in which he contends the
amount of his bond remains excessive and he is neither a threat to the community nor a flight
risk. (1) Parker asks this Court to reduce his bond to $15,000.00 ($5,000.00 per case). 

 Bail shall not be excessive. Tex. Const. art. I, § 13. The decision regarding a proper
bail amount lies within the sound discretion of the trial court. Ex parte Green, 940 S.W.2d
799, 801 (Tex. App.--El Paso 1997, no pet.); Smith v. State, 829 S.W.2d 885, 887 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd); see also Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon 2005) ("The amount of bail to be required in any case is to be regulated by the court,
judge, magistrate or officer taking the bail[.]"). The accused bears the burden of establishing
that the amount of bail is unreasonable. Ex parte Charlesworth, 600 S.W.2d 316, 317 (Tex.
Crim. App. 1980). 

 Article 17.15 of the Texas Code of Criminal Procedure sets forth the criteria trial
courts must consider in setting bail:

 1. The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.

 

 2. The power to require bail is not to be so used as to make it an
instrument of oppression.

 

 3. The nature of the offense and the circumstances under which it
was committed are to be considered.

 

 4. The ability to make bail is to be regarded, and proof may be
taken upon this point.

 

 5. The future safety of a victim of the alleged offense and the
community shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The trial court may also consider
the accused's work record, family ties, length of residency, prior criminal record, conformity
with previous bond conditions, the existence of any outstanding bonds, and aggravating
circumstances alleged to have been involved in the charged offense. Ex parte Rubac, 611
S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981). 

 At the beginning of the bond reduction hearing, the following exchange occurred:

 [Prosecutor]: I'd just ask the Court to take judicial notice of its file and the
probable cause affidavits that are filed therein.


 [The Court]: Okay. . . . 

 

Defense counsel did not object. At the end of the hearing, the prosecutor stated, "I think the
Court has taken judicial notice of the probable cause affidavits, and that's all we have on the
issue." The probable cause affidavits were not made a part of the record before this Court. 
 Parker's mother testified that Parker was primarily raised in Beaumont, and his
parents and maternal grandparents reside here. Parker has a brother, aunts, uncles, and
cousins who reside in Beaumont. In addition, Parker's wife and child reside in Beaumont, 
and Parker owns a mobile carwash service which has pending contracts. According to
Parker's mother, he has no prior criminal record and has appeared on time for court. His
mother testified Parker's family members had contacted one bail bondsman regarding
Parker's bond, but they were unable to raise sufficient money. She testified that if the court
reduced the bond to $5,000.00 on each case, his family could raise sufficient funds. She also
stated that Parker does not have adequate funds to make bond without assistance from his
family and friends. On cross-examination, Parker's mother testified she and her husband
paid $15,000.00 to retain counsel for Parker. 

 With the exception of asking the court to take judicial notice of "its file and the
probable cause affidavits that are filed therein[,]" the State did not offer evidence. Parker
says the probable cause affidavits were not made part of the record, either below or before
this Court. Parker also asserts the probable cause affidavits were not introduced into
evidence; the trial court never acknowledged the presence of any probable cause affidavits
in the court's file; and the trial judge never indicated he considered the affidavits. However,
the record indicates when the State asked the trial court to take judicial notice of the probable
cause affidavits, the trial court responded affirmatively ("Okay."). 

 Parker has the burden to present to this Court a sufficient record. See Ortiz v. State,
144 S.W.3d 225, 229-30 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd). Generally, an
appellate court cannot determine the trial court decided wrongly in refusing to reduce bail
without a record of what the trial court considered in making the decision. Because the
probable cause affidavits are absent from the record, we must presume that any evidence
contained therein supported the trial court's refusal to reduce the bond to the level Parker
requested. See Applewhite v. State, 872 S.W.2d 32, 33 (Tex. App.--Houston[1st Dist.] 1994,
no pet.) (Appellate court presumed absent records of which the trial court took judicial notice
supported the trial court's refusal to reduce bail.). Parker's issues are overruled. The
judgment of the trial court is affirmed.

 AFFIRMED. 

 _____________________________________ DAVID GAULTNEY

 Justice


Submitted on November 9, 2005

Opinion Delivered November 30, 2005

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. At his request, we agreed to review the appeal on Parker's brief to the trial court. The
State filed a brief, and Parker then filed a reply brief.