COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS










EX PARTE: MARLIN MOORE

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00259-CR

Appeal from the

41st District Court

of El Paso County, Texas 

(TC# 20080D03174)





O P I N I O N

            This is an appeal of a district court’s denial of an application for writ of habeas corpus. 
Mr. Moore was charged with Driving While Intoxicated, second offense. He is now complaining
about a much delayed modification of the conditions of his bail that requires him to only drive
vehicles equipped with an ignition interlock. He filed his writ of habeas corpus with the district
court on the following bases: (1) Tex.Code Crim.Proc.Ann. art. 17.09 prohibits the imposition
of an additional requirement for bail set in his case; and (2) his due process rights were violated
because no hearing or evidence were provided relating to the requirements of Article 17.09. The
district court denied Appellant’s writ application.
            On July 9, 2006, Appellant was arrested for Driving While Intoxicated (DWI), second
offense. He posted a $750 surety bond that day in accordance with the magistrate’s order. On
July 24, 2006, Appellant was charged by an Information with DWI, second offense. Appellant
waived his arraignment and entered a plea of “not guilty” about a month later. Almost two years
later, June 24, 2008, a county criminal court at law judge entered a DWI Second Modification
Order on the bond, which ordered Appellant not to operate any motor vehicle unless the vehicle
was equipped with an ignition interlock. Appellant filed an objection to the interlock
requirement, and the county criminal court held a hearing on June 25, 2008. The court overruled
Appellant’s objection. The court issued its findings of fact and conclusions of law. On July 7,
2008, Appellant filed his application for writ of habeas corpus and for alternative relief with the
district court. After a hearing, the court denied Appellant’s writ application.
            On appeal, Appellant raises five issues: (1) under Tex.Code Crim.Proc.Ann. art. 17.09,
the district court erred in ruling that the trial court was authorized to modify the bond after
Appellant already provided bail upon his original release, unless there is some defect in that bond
or other good and sufficient reason exists; (2) the trial court violated Appellant’s constitutional
rights by requiring additional bond and conditions of release pursuant to Article 17.441(a)(1)
without providing a hearing and findings of those deficiencies as set out in Article 17.09(3); (3)
the fact that the original magistrate had released Appellant without the interlock requirement
makes it an implied finding that the interlock requirement is not in the best interest of justice
pursuant to Article 17.441(b); (4) the subsequent trial judge violated Article 17.441(c) by
requiring Appellant to install the interlock device because the original magistrate did not require
him to do so before the thirtieth day after the date that he was released on bond; and (5) the
subsequent judge violated Appellant’s due process rights by imposing new conditions of release
in addition to the new bond without evidence of his failure to comply with the original terms and
conditions of release or other good and sufficient reason.
            In reviewing the district court’s decision to grant or deny habeas corpus relief, we view
the facts “‘in the light most favorable to the [district] judge’s ruling and should uphold it absent
an abuse of discretion.’” Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006). If the
resolution of the ultimate questions turns on an evaluation of credibility and demeanor, we
provide the same amount of deference to the district court’s application of the law to the facts. 
See Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). However, if the resolution
of the ultimate questions turns on an application of legal standards, we review the determination
de novo. See id.
            In reviewing a trial court’s decision regarding bail settings, we look at whether the trial
court has abused its discretion and fixed bail at an excessive amount. See Cooley v. State, 232
S.W.3d 228, 233 (Tex.App.--Houston [1st Dist.] 2007, no pet.). An appellate court should not
intervene if the trial court’s ruling is within the zone of reasonable disagreement even if the
appellate court would have reached a different result with respect to bail settings. See Tex.Code
Crim.Proc.Ann. art. 17.15 (Vernon 2005); Ex parte Henson, 131 S.W.3d 645, 647 (Tex.App.--Texarkana 2004, no pet.). The defendant bears the burden to prove that bail is excessive. See
U.S.Const. Amend. VIII; Tex.Const. art. 1, § 13; Tex.Code Crim.Proc.Ann. art. 1.09
(Vernon 2005); Ex parte Cuevas, 130 S.W.3d 148, 150 (Tex.App.--El Paso 2003, no pet.).
            In his first issue, Appellant contends that under Tex.Code Crim.Proc.Ann. art. 17.09,
the district court erred in ruling that the trial court was authorized to modify the bond after
Appellant already provided bail upon his original release, unless there is some defect in that bond
or other good and sufficient reason exists. Appellant concedes that Article 17.441 may authorize
the trial court to modify the bond but argues that the modification does not “comport with
principles of constitutional due process, two years after [his] original release and with no factual
support . . . .”
            Texas courts have no inherent authority to ignore express statutory provisions. See Ex
parte Elliott, 950 S.W.2d 714, 716 (Tex.App.--Fort Worth 1997, pet. ref’d). And it follows that
a trial court can not abuse its discretion by following an express statutory provision. See id.
            Tex.Code Crim.Proc.Ann. art. 17.09, § 2 (Vernon Supp. 2009) provides that when a
defendant has provided bail for his appearance in answering to a criminal charge, he shall not be
required to post another bond in the course of the same criminal action. But there is an exception
to that rule: Article 17.09, § 3 provides that if a judge or magistrate during the course of a
defendant’s criminal action that is pending finds that the original bond is defective, excessive or
insufficient, any sureties are unacceptable, or for any other good and sufficient cause, he or she
may order the defendant to be rearrested and require him to give another bond. The judge or
magistrate must release the defendant from custody once he or she approves the given bond. See
Tex.Code Crim.Proc.Ann. art. 17.09, § 3.
            Moreover, Tex.Code Crim.Proc.Ann. art. 17.441 sets out the conditions requiring
motor vehicle ignition interlock. The statute mandates a magistrate to require on release that a
defendant charged with an offense under Sections 49.04-49.06, 49.07, or 49.08 of the Penal
Code, which cover DWI offenses, to install the interlock device onto his motor vehicle. See id. 
A defendant may not operate any motor vehicle unless the vehicle is equipped with this device. 
See id. The only exception to this mandate is where the magistrate finds that to require the
installation “would not be in the best interest of justice.” See id. The magistrate must also
require the defendant to install the device at the defendant’s expense before the thirtieth day after
the date the defendant is released on bond. See Tex.Code Crim.Proc.Ann. art 17.441.
            Appellant posted the surety bond in July 2006, but almost two years later, in June 2008,
the trial court entered an order to modify that bond. The trial court’s order stated that it was done
according to the requirements of Article 17.441. Because Appellant was charged with a DWI
offense, Article 17.441 applies, and because the original bond did not require Appellant to install
the interlock device, the trial court found the bond to be defective under the express language of
Article 17.09, § 3. The trial court complied fully with both Articles 17.09 and 17.441, the
express statutory provisions that are relevant in the present case, and we can not find that it
abused its discretion. We overrule Issue One.
            In his second issue, Appellant contends that his due process rights were violated by
requiring additional bond and conditions of release pursuant to Article 17.441(a)(1) without
providing hearing and findings of those deficiencies as set out in Article 17.09, § 3.
            Notwithstanding his contention, after he filed his objection to the interlock requirement
on June 24, 2008, the trial court did hold a hearing on the requirement on June 25, 2008 and
issued findings of fact and conclusions of law on July 10, 2008. The court held that Appellant
presented no facts or circumstances to indicate the interlock installation would not be in the best
interest of justice according to Article 17.441(b) and found that the requirement was in the best
interest of justice. We find the trial court did not abuse its discretion. We overrule Issue Two.
            In his remaining issues, Appellant contends: the fact that the original magistrate had
released Appellant without the interlock requirement makes it an implied finding that the
interlock requirement is not in the best interest of justice pursuant to Article 17.441(b); the
subsequent trial judge violated Article 17.441(c) by requiring Appellant to install the interlock
device because the original magistrate did not require him to do so before the thirtieth day after
the date that he was released on bond; and the subsequent judge violated Appellant’s due process
rights by imposing new conditions of release in addition to the new bond without evidence of his
failure to comply with the original terms and conditions of release or other good and sufficient
reason.
            Tex.R.App.P. 33.1 requires a party to make a complaint to the trial court and for the trial
court to rule on it before the issues in the complaint can be appealed. If an appellant does not do
so, he fails to preserve his complaint and the issues within it for appellate review. See id. 
Because the record does not show that Appellant presented those complaints to the trial court
below, we must conclude that he has waived them for purposes of this appeal. Therefore, we
overrule Issues Three, Four, and Five.
            Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.


August 25, 2010
DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., Rivera, J., and Moody, Judge
Moody, Judge (Sitting by Assignment)

(Do Not Publish)