In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00046-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

BONNIE
ALLEN-PIERONI

 

 

                                                                                                  


 

                                                                                                                            


                                                  Original
Habeas Corpus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Bonnie Allen-Pieroni and Marc John
Pieroni were divorced in 2009 and were named joint managing conservators of
their three children.  By its order dated
March 22, 2011, after finding 
Allen-Pieroni in contempt for violating the standing child-possession
orders[1]
on fourteen different occasions stretching from July 12, 2010, through January
10, 2011, the trial court ordered Allen-Pieroni confined for seven separate twenty-four-hour
periods, one for each of the seven violations admitted by Allen-Pieroni, and
ordered a single, separate suspended sentence for the other violations, the
ones which Allen-Pieroni denied committing. 
By application for writ of habeas corpus,[2]
Allen-Pieroni complains that she was not admonished at the contempt hearing
concerning her rights, that she was improperly ordered to pay attorneys’ fees,[3]
and that the appointed amicus attorney harmfully testified using confidential
information belonging to her.  Because
Allen-Pieroni has not demonstrated herself entitled to such relief, we deny her
application.

            Allen-Pieroni’s original habeas
corpus proceeding in this Court is a collateral attack on the contempt
order.  Ex parte Dustman, 538 S.W.2d 409, 410 (Tex. 1976).  Therefore, Allen-Pieroni may be granted
relief from that order only if it is void. 
Id.; Ex parte Thetford, 369 S.W.2d 924, 925 (Tex. 1963); Ex parte Scariati, 988 S.W.2d 270, 272
(Tex. App.—Amarillo 1998, orig. proceeding). 
When collaterally attacked in a habeas corpus proceeding, a judgment is
presumed valid until the relator has discharged the burden showing
otherwise.  In re Brown, 114 S.W.3d 7, 9 (Tex. App.—Amarillo 2003, orig.
proceeding); Ex parte Occhipenti, 796
S.W.2d 805, 808–09 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

            Allen-Pieroni has the burden to
present to this Court a sufficient record to support her claim for relief.  See
Ortiz v. State, 144 S.W.3d 225, 229–30 (Tex. App.—Houston [14th Dist.]
2004, pet. ref’d).  Without having before
us a complete record, we presume that the record contains information demonstrating
a lack of error.  In re Lau, 89 S.W.3d 757, 760–61 (Tex. App.—Houston [1st Dist.]
2002, orig. proceeding); see Applewhite
v. State, 872 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

            In this case—though she indicated in
her application a desire to provide us at least some part of the reporter’s
record, and we specifically gave her an opportunity to do so—Allen-Pieroni has
provided us no record of the proceedings. 
Instead, she relies on two affidavits, one by her counsel and one by
Allen-Pieroni herself, each affidavit labeled as a “bystander’s bill,” attached
to the application as evidence.  Rule
33.2(c)(3) of the Texas Rules of Evidence provides a procedure traditionally
referred to as a “Bystander’s Bill of Exception,” which enables a party to
develop a record and place an issue before an appellate court when the party’s
version of events differs from that of the trial court.  Tex.
R. App. P. 33.2(c)(3); see
Thieleman v. State, 187 S.W.3d 455, 457 n.2 (Tex. Crim. App. 2005); Bryan v. Watumull, 230 S.W.3d 503, 516
(Tex. App.—Dallas 2007, pet. denied). 
Because Allen-Pieroni has not argued or shown that her situation fits
within the scope of the rule, the attempted use of a bystander’s bill is
improper to act as a replacement for a record. 
With an insufficient record before us, we will provide no relief.  In re
Mott, 137 S.W.3d 870 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding);
see Tex.
R. App. P. 52.3(k)(1)(A).

            We deny habeas corpus relief.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          May 4, 2011

Date
Decided:             May 5, 2011

 

 

 











[1]It
appears that both of the ex-spouses had filed motions for enforcement and
contempt.  No finding was made, or relief
provided, against the ex-husband, but the trial court granted the motion to
enforce filed by the ex-husband, and held relator in contempt for failing to
obey a series of orders of the court. 
The order sets out the violations in detail.  The fourteen violations listed in the order
each have to do with specific violations of the terms of access and possession
of the children as had been previously ordered by the trial court.  The court found her in contempt, found that
she admitted seven of the violations, and that she had the ability to comply
with those orders.

 





[2]This Court has
original jurisdiction over a habeas proceeding in this situation.  Tex.
Gov’t Code Ann. § 22.221(d) (Vernon 2004).  This application was filed at 11:00 a.m.,
Friday, April 15, 2011, less than twenty-four hours before the start of the
second period of confinement.

 





[3]The
issue urged relative to attorneys’ fees is irrelevant to Allen-Pieroni’s effort
to gain release from confinement under the order of contempt.  It will not be considered in this matter.