

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00082-CR
_____

EX PARTE GEORGE OSBORN MERRILL, III

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 25-230-DCCV-0001

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

George Osborn Merrill, III, appeals the trial court's denial of his pretrial application for a writ of habeas corpus. Because we find no abuse of discretion in the trial court's ruling, we uphold its decision.

## I. Standard of Review

"An applicant for a writ of habeas corpus bears the burden of proving facts entitling him to relief." *Ex parte Highsmith*, 652 S.W.3d 850, 854 (Tex. App.—Austin 2022, pet. ref'd) (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) (orig. proceeding)). A trial court's determination "at a habeas proceeding regarding the imposition or reduction of bail 'will not be disturbed by this Court in the absence of an abuse of discretion.'" *Ex parte Newson*, 656 S.W.3d 655, 658 (Tex. App.—Texarkana 2022, no pet.) (quoting *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013)). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Id.* (quoting *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

Article 17.151, Section 1, of the Texas Code of Criminal Procedure states,

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . .

> (1)    90 days from the commencement of his detention if he is accused of a felony.

2

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). "This Article preserves the presumption of innocence by ensuring that 'an accused as yet untried and unreleased on bond will not suffer "the incidental punitive effect" of incarceration during any further delay attendant to prosecutorial exigency.'" *Ex parte Newson*, 656 S.W.3d at 658 (quoting *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.) (quoting *Jones v. State*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991))).

"Under Article 17.151, the State has the initial burden to make a prima facie showing that it was ready for trial within the applicable time period." *Id.* (quoting *Ex parte Smith*, 486 S.W.3d at 65). "The question of the State's 'readiness' within the statutory limits refers to the preparedness of the prosecution for trial." *Id.* (quoting *Ex parte Smith*, 486 S.W.3d at 65). "The State may show readiness 'either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time.'" *Id.* (quoting *Ex parte Smith*, 486 S.W.3d at 65).

"Evidence to rebut the prima facie showing can be from any source, including cross-examination of those responsible for preparing the State's case . . . ." *Applewhite v. State*, 872 S.W.2d 32, 34 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. [Panel Op.] 1979)). Such evidence "may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit." *Jones v. State*, 803 S.W.2d 712, 718 (Tex. Crim. App. 1991) (quoting *Barfield*, 586 S.W.2d at 542).

## II.       Factual Background

After allegedly causing damage to a public school, Merrill was arrested on January 25, 2025, and remains incarcerated for criminal mischief causing pecuniary loss of $150,000.00 or more but less than $300,000.00, a second-degree felony. *See* TEX. PENAL CODE ANN. § 28.03(b)(6) (Supp.). The trial court set his bail at $300,000.00. On April 4, an Upshur County grand jury returned an indictment for the offense against Merrill.

Even so, after the trial court found Merrill indigent, Merrill filed a pretrial writ of habeas corpus on April 25 requesting either a personal bond or bail he could afford. The trial court set a hearing on the matter, but the State requested that it be "carr[ied] . . . to the 5/27 pretrial docket." Merrill did not object. As a result, the trial court reset the hearing for May 6.

At the hearing, the State noted that the indictment was filed well within ninety days from Merrill's incarceration, the offense occurred on camera, and Merrill had been provided with the footage on April 10, along with the "indictment, offense report, [and] prosecution reports." The State also announced that it was ready for trial, had been ready within the ninety-day period, and that the named complainant was present at the hearing. It also provided the trial court and Merrill with a "transcription of a phone call the defendant made to his sister the second day he was in the Upshur County jail . . . indicat[ing] he did this and destroyed the public school simply because he was bored and wanted something to do." To emphasize its readiness, the State also said, "[I]f we really want to show how ready we are, we've got a jury panel coming in Monday. We'll be more than happy to pick a jury."

4

Merrill testified at the hearing that he was seventeen years old, had no car or bank account, and had no financial resources to post his bail. As a result, Merrill asked the trial court for a personal bond. Merrill also argued that discovery was "still trickling in," including the results of a DNA test on the baseball bat used in the commission of the offense. The State argued that, while the DNA test would be beneficial, it was not needed "in order to get a conviction in this case."

After the hearing, the trial court found that Merrill "was indicted 69 days following the date of his arrest" and that the State was ready for trial. Accordingly, it denied Merrill's pretrial application for writ of habeas corpus.

## III. Denial of Merrill's Application Was Not an Abuse of Discretion

On appeal, Merrill concedes that the State made its initial prima facie showing that it was ready for trial within the ninety-day period. Because "compliance with . . . discovery obligations under the [Michael Morton] Act is not a component of the State's readiness under article 17.151," Merrill acknowledges that the State could have been prepared for trial even though discovery was not completed. *Ex parte Highsmith*, 652 S.W.3d at 858. However, Merrill argued that he rebutted the State's prima facie case of readiness for trial because evidence of pecuniary loss had not been provided by the State. Yet, the complainant was present at the hearing and could have testified about the pecuniary loss. *See Holz v. State*, 320 S.W.3d 344, 351–52 (Tex. Crim. App. 2010). Since Merrill "failed to show that the complainant[] w[as] not present or readily available to testify during the 90 days following [his] arrest, he failed to carry his burden of rebutting the State's prima facie showing of readiness." *Applewhite*, 872 S.W.2d at 34.

5

The State obtained a grand jury indictment and provided copies of the indictment, the offense report, prosecution reports, and a video of the offense captured on camera to Merrill before the expiration of the ninety-day period. Viewing the evidence in the light most favorable to the trial court's decision, we conclude that the trial court did not abuse its discretion by finding either that Merrill had been indicted within ninety days from the commencement of his detention or that the State was ready for trial within that time. As a result, we cannot say that the trial court abused its discretion by finding that Merrill was not entitled to a personal bond or bail reduction under Article 17.151. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1).

We overrule Merrill's point of error.[1]

## IV. Conclusion

We affirm the trial court's denial of Merrill's pretrial writ for habeas corpus.

Scott E. Stevens
Chief Justice

Date Submitted:    June 18, 2025
Date Decided:      July 7, 2025

Do Not Publish

---

[1]Merrill also argues that the trial court abused its discretion by not allowing him to cross-examine the State to testify about the "status of discovery." Yet, nothing shows that Merrill was harmed since the status of discovery would not have altered the outcome in this case. *See Ex parte Highsmith*, 652 S.W.3d at 858.