**Rukmini Sukarno KLINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–86–0220–CR, 01–86–0221–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 24, 1986.

Craig A. Washington, Washington & Randle, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Joe W. Bailey, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

Jack SMITH, Justice.

This is an appeal from the trial court's refusal to reduce appellant's $500,000 bail bond during her appeal. The trial court denied the appellant's motion to reduce bond and also denied the appellant's application for writ of habeas corpus alleging that appellant was illegally confined by rea-

son of excessive bail. Since the appellant seeks the same relief under both appeals, the appeals will be considered together.

A jury found appellant guilty of the offense of misappropriation of fiduciary property over the value of $10,000. It assessed her punishment at 14 years confinement with a fine of $10,000. After notice of appeal, the court set the amount of bail at $500,000.

■■■ Pending an appeal from a felony conviction of 15 years or less, the trial court has the discretion to deny bail, or to set the amount of bail and to impose reasonable conditions on bail. Tex.Code Crim. P.Ann. art. 44.04(c) (Vernon Supp.1986). The burden is on the petitioner to prove that the bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981). The same factors considered on a pre-trial bond reduction request control the review of a bond reduction request pending appeal. These factors are: a) the length of the sentence; b) the nature of the offense; c) the petitioner's work record; d) family and community ties; e) length of residency; f) prior criminal record; g) conformity with previous bond conditions; and h) other outstanding bonds. *Ex parte Davila*, 623 S.W.2d 408, 410 (Tex.Crim.App.1981). Additionally, article 17.15 of the Texas Code of Criminal Procedure (Vernon Supp.1986) contains the following rules concerning the amount of bail.

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken on this point.

Appellant was convicted for misapplication of fiduciary property over the value of $10,000. The amount she was found guilty of having misappropriated exceeded

$5,000,000. She received a 14-year sentence out of a possible maximum of twenty and was assessed the maximum fine. Tex. Penal Ann.Code sec. 12.33 (Vernon 1974).

Petitioner was raised in Indonesia and is of Indonesian descent. She became a United States citizen in 1979 and has been married to an American citizen since she was 16. She has traveled a great deal among the United States, Mexico, and Europe and still retains her passport.

When the indictment in the cause below was returned, petitioner was living in Mexico. Although the record does not reveal exactly how long she had lived there, her testimony suggests that she had lived primarily in Mexico for at least several years before she was deported to the United States to stand trial for this offense. Since her deportation, her residence has been New York City. The record shows no connection with Houston other than the trial of the offense.

During the pre-trial stage of these proceedings, petitioner followed the terms of her pre-trial bond and checked in weekly with the court clerk. She also came to Houston and was present for the guilt-innocence portion of the trial proceedings. However, the day after the guilty verdict was returned, she left Houston and failed to appear the next day for the punishment phase of the trial. She neither notified her attorney or the court that she was leaving, nor did she tell them where she was. In fact, she did not speak with her attorney or the court until she returned to Houston five days later and contacted her attorney. On the trips to and from New York she used aliases. Further, the day she returned to Houston she walked down 40 flights of steps at her apartment building to avoid any police who might be outside her building. She explained that she wanted to avoid police officers because she wanted it to be clear that she was returning to Texas voluntarily, not because she was forced to do so.

She testified that the home she owns and lives in is worth nearly $500,000 and that she has an interest in a second apartment in the same building. She pledged her home as collateral for the pre-trial bond.

■ We agree with petitioner that the bail set by the judge is quite high, but we find no abuse of discretion by the trial court. Appellant had to be deported from Mexico to Texas to stand trial. During the course of trial, she fled to New York, using an alias, without telling her lawyer or obtaining permission from the court. She frequently travels in foreign countries and will continue to have the opportunity to do so since the trial court refused to take her passport. We also consider important that she admitted using aliases, was found to have misappropriated property exceeding $5,000,000 in value, was sentenced to 14 years by the jury, and owns assets which equal or exceed the amount of the bond. We are not convinced that this bond does more than merely ensure petitioner's appearance before the court when the appeal is completed.

The orders of the trial court are affirmed, and petitioner's request for relief is denied.