Charles William SMITH II, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00068–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 9, 1992.
Discretionary Review Refused
June 3, 1992.

Stanley Schneider, Marshall Arnold, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin Hartmann, Asst. Dist. Atty., for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the denial of appellant's application for a writ of habeas corpus. Appellant is presently in custody

pending trial on the charge of interference with child custody in violation of TEX.PENAL CODE ANN. § 25.03 (Vernon Supp.1992). In a single point of error, appellant contends that the trial court's order, denying him bail or conditioning his admission to bail upon his payment of the amount of a civil judgment, violates TEX. CONST. art. I, § 11. In its brief, the State agrees the order is invalid. Both parties ask this Court to set bail "as a matter of judicial economy."

In 1984, appellant allegedly fled the United States with two of his minor children, whose custody had been granted to his ex-wife. During his absence from the U.S., appellant was indicted for interference with child custody. After seven years evidently spent in various countries, appellant was deported from Mexico to the United States and was arrested immediately. He is presently in the custody of the sheriff of Harris County, awaiting trial.

On January 14, 1992, appellant filed an application for writ of habeas corpus; the trial court held a hearing on January 16, 1992. Appellant did not testify about his ability to make bond. FBI Special Agent Andrew Tully testified that a warrant for unlawful flight to avoid prosecution was filed against appellant on March 8, 1985, and that attempts to locate him were unsuccessful until 1991. Then, as a result of the airing of a television program, "Unsolved Mysteries," the FBI received over 400 telephone calls alleging the "spotting" of appellant. Based on information received, the FBI office in Mexico City was contacted, and appellant and his two sons were located around December 13, 1991. Appellant was unable to show proper proof of entry into Mexico, and was deported. Appellant's 13-year-old son, Charles Smith III, testified that he, his father, and his brother had travelled extensively for the last six and one-half years in Mexico, Brazil, Scotland, Switzerland, Greece, and Turkey, and that appellant would move with his two sons whenever his ex-wife's pursuit got close. For the last five years, the three had lived in Mexico.

At the conclusion of the habeas hearing, the trial court orally ordered appellant released on a $20,000 bond on each of the two counts of the indictment, conditioned that appellant first deliver to the court two cashier's checks, in the amount of $26,500,-000 each, payable to his ex-wife, Carolyn Smith, as trustee, for the benefit of two of his minor children. Although the parties did not fully develop the record on this point, the $53 million total apparently represented the amount of a civil judgment in favor of the children in cause number 85–04736 in the 295th District Court of Harris County. After making that oral order, the trial court then stated:

I need to change something for the record. I've been told that it's logistically impossible. What I'm going to do is deny the writ of habeas corpus. If you come up with the conditions I stated, I will sign the bond upon the delivery of the checks. It will have the same effect, and the same right of appeal, I assume.

The trial court's action either denies bond completely, or sets a $20,000 bond on each count, but conditions the bonds upon appellant's payment, prior to his release from custody, of a total of $53 million to satisfy the civil judgment in the 295th District Court. With either construction, the order cannot stand.

■■■ With narrow exceptions, the Texas Constitution provides all prisoners a right to bail pending trial. TEX. CONST. art. I, § 11. Denial of bail is authorized only when:

1. the prisoner is charged with a capital offense and the proof of such offense is evident;

2. any of the exceptions embodied in article I, section 11a applies;[1] or

1. Section 11a reads, in pertinent part:
Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense

and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a

3. when other extraordinary circumstances are present, *e.g., Mills v. State*, 626 S.W.2d 583 (Tex.App.—Amarillo 1981, pet. ref'd) (defendant who has been returned to Texas pursuant to the Interstate Agreement on Detainers, TEX.CODE CRIM.P.ANN. art. 51.14 (Vernon 1979), and is serving in Texas a sentence imposed by another state has no right to bail under article I, section 11).

■ Appellant is charged with a third degree felony, not a capital offense, and none of the exceptions listed in article I, section 11a applies. Finally, the *Mills* exception does not apply, and the parties have neither cited any other authority for another already existing "extraordinary circumstances" exception, nor have they directed the Court to any indication in the record of novel extraordinary circumstances warranting a departure from the existing general rule embodied in article I, section 11. Thus, appellant has a right to pretrial bail under the Texas Constitution, and the trial court's order denying bail was error and must be vacated.

■ The outcome is no different if the trial court's order is regarded not as a denial of bail but as a setting of bond conditioned upon appellant's satisfaction of a civil judgment rendered in a sister court. As a general rule, trial courts have discretion to set conditions upon bail. That discretion is not unlimited, however. The conditions must bear a rational relationship to the purpose of bail—namely, to secure the appearance of the accused before the court. *Valenciano v. State*, 720 S.W.2d 523, 525 (Tex.Crim.App.1986). Although *Valenciano* itself involved bail pending appeal of a conviction, we find that the requirement it articulated with respect to bail pending appeal is equally applicable to pretrial bail. The *Valenciano* court's decision ultimately relied upon *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), which concerned pretrial bail. The satisfaction of a civil judgment in a sister court bears no rational relationship to the objective of securing appellant's appearance before the trial court hearing appellant's pending felony case.

■ In the further alternative, if the $53 million was set as the bail amount alone, then the amount is excessive[2] and is violative of TEX.CODE CRIM.P.ANN. art. 17.15(2) (Vernon Supp.1992). Although the setting of the bail amount is committed to the trial court's discretion under article 17.15, the trial court's order effectively setting bail at $53 million constitutes a clear abuse of that discretion.

■ The factors to be considered on the review of a trial court's decision about setting pretrial bail are the same factors that are to be considered by the trial court in ruling upon that request in the first instance. *See Kline*, 710 S.W.2d at 718 (bond pending appeal). These factors include all considerations set forth in article 17.15 itself, as well as the following: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the offense the accused is charged with committing. *Ex parte Ru-*

---

prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above or of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused....

**2.** For comparison, the highest bail amount ever yet upheld under any circumstances in a reported decision of an appellate court within Texas appears to be the $1,000,000 pretrial bail upheld in *U.S. v. Golding*, 742 F.2d 840 (5th Cir.1984). *See also Mecom v. U.S.*, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977) (upholding $750,000 bail pending appeal), and *U.S. v. McConnell*, 842 F.2d 105 (5th Cir.1988) (upholding $750,000 pretrial bail). Among the decisions of this Court, see *Kline v. State*, 710 S.W.2d 717 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (upholding $500,000 bail pending appeal), and *Ex parte Martinez–Velasco*, 666 S.W.2d 613 (Tex.App.—Houston [1st Dist.] 1984, no pet.) (pretrial bail reduced and set at $375,000).

**888**

bac, 611 S.W.2d 848, 849–50 (Tex.Crim.App. [Panel Op.] 1981); *Ex parte Goosby*, 685 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

The summarized record before us shows, on the one hand, that appellant is accused of a nonviolent crime with a maximum possible punishment of 10 years confinement and a fine of $5,000, that he has no prior criminal history, and that he has never previously made a bond. He has presented evidence through the testimony of other persons that he has the ability to raise bail bond premium in the amount of $400. As of January 16, 1992, a Brazos County automobile dealership was willing to employ him as a salesman, provided he could obtain a Texas driver's license.

On the other hand, while he had family ties to this jurisdiction prior to 1984, appellant has no substantial ties with the local community in 1992, except for the presence here of his two minor sons, the objects of the pending indictment for interference with child custody. A substantial aggravating factor in the pending interference with child custody case exists in the fact of appellant's seven-year flight, the timing (relative to imminent detection) and repeated nature of his moves from one country to the next during at least the first portion of his seven-year absence, and his demonstrated ability to travel internationally with his children without passports. To state the obvious, any release will facilitate to some degree appellant's ability to again flee the jurisdiction with his children.

Applying the factors set forth above to the entire record, we conclude that a substantial risk remains that appellant will again flee this jurisdiction. Nevertheless, the constitutional mandate is clear that appellant is entitled to bail and we follow that mandate.

Appellant's motions to expedite appeal and to expedite consideration of bond issue are granted. The trial court's order is vacated. The bail is set in the amount of $125,000.