**Jose Alfonso GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–01035–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1999.

 

George O. Jacobs, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

PER CURIAM.

This is an appeal from the denial of habeas corpus relief. Appellant was indicted for the offense of aggravated robbery with the use of a deadly weapon. Bail was set at $100,000.00. Appellant filed a pretrial application for writ of habeas corpus asserting that the bail was excessive and asking the trial court to reduce it and set a reasonable bail. Following an evidentiary hearing, the trial court reduced appellant's bond to $90,000.00, and this appeal followed.

We begin by noting that a court reporter was present at the evidentiary hearing and recorded the proceedings. The court reporter notified this court that appellant, who is not indigent, had not made arrangements to pay for the record. On January 29, 1999, this court notified appellant that he had 15 days to provide this court with proof of payment for the reporter's record. *See* TEX.R.APP. P. 37.3(c). Appellant filed no reply. Accordingly, we must review appellant's complaint on appeal without the benefit of a reporter's record.

In his application for pretrial writ of habeas corpus, appellant claimed the bond was "excessive, oppressive and beyond his financial ability." Appellant requested that the trial court reduce his bond and set a "reasonable bond." In response to appellant's application, the trial court reduced the bond by $10,000.00.

■ The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. *See Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App. [Panel Op.] 1980); *Ex parte Brown,* 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.). Bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression. *See Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App. 1980); *See Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex.Crim.App.1977); *Brown,* 959 S.W.2d at 371. The burden is on the person seeking the reduction to demonstrate that the bail set is excessive. *See Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); *Brown,* 959 S.W.2d at 371. *See also Ex parte Kimes,* 872 S.W.2d 700, 703 (Tex. Crim.App.1993) (holding that burden is upon writ applicant to establish entitlement to relief); *Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex.Crim.App.1985)

(same); *Ex parte Alt,* 958 S.W.2d 948, 950 (Tex.App.—Austin 1998, no pet.) (same). The decision regarding a proper bail amount lies within the sound discretion of the trial court. *See Ex parte Green,* 940 S.W.2d 799, 801 (Tex.App.—El Paso 1997, no pet.); *Smith v. State,* 829 S.W.2d 885, 887 (Tex.App.—Houston [1st] 1992, pet. ref'd); *Brown,* 959 S.W.2d at 372. *See also Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex.App.—Houston [1st] 1994, no pet.) (holding that decision to grant or deny habeas relief is matter of discretion and exercise of discretion will not be disturbed on appeal without clear abuse).

■ In this case, the only evidence before this court consists of three affidavits: one by appellant, one by appellant's girlfriend, and one by a bondsman. In his affidavit, appellant merely states he is "without sufficient funds, or income to allow [him] to post a bond of this amount." He also states he is confined and unable to work. Finally, he avers that he has sufficient resources to post a bond of $10,-000.00. In her affidavit, appellant's girlfriend states she is aware of appellant's financial condition and is of the opinion that he cannot post the amount set by the court. She also states that appellant's family has no assets upon which they could borrow to fund appellant's bail. Finally, a bondsman, Robert Orr, stated in his affidavit that he examined the financial resources of appellant's family and based on that review, determined he could not post the $100,000.00 bond required by the court. The bondsman averred that neither appellant nor appellant's family has sufficient collateral or cash to allow him to post the required bond.

In sum, appellant has proved only that he cannot make the $100,000.00 bond set by the court. While appellant states in his affidavit that he could post a $10,000.00 bond, he does not state that he could not post more than that amount. Based on the record before us, there is absolutely no evidence that appellant is unable to make the reduced bond of $90,000.00.

■ Moreover, even if we were to assume that appellant's complaint was that he could make a bail no higher than $10,-000.00 (the amount mentioned by appellant in his affidavit), we still would find no abuse of discretion by the trial court. The decision to set bail in a certain amount or reduce bail is within the trial court's discretion. The trial court is required, however, to consider certain criteria in making a bail determination. Article 17.15 provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2.  The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3.  The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4.  The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5.  The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1999). In addition to considering the factors in article 17.15, the courts have held there are seven additional factors to be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac,* 611 S.W.2d 848, 849–50 (Tex.Crim.App. [Panel Op.] 1981). Though

*Rubac* involved the setting of an appeal bond after conviction, several courts have applied the *Rubac* factors in the review of cases involving pre-trial bail. *See Ex parte Emery*, 970 S.W.2d 144, 145 (Tex. App.—Waco 1998, no pet.); *Brown*, 959 S.W.2d at 372; *Smith v. State*, 829 S.W.2d 885, 887 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We, too, find the *Rubac* factors appropriate to review a trial court's pre-trial decision to set bail, to refuse to reduce bail, or to refuse to reduce it to the amount requested by the applicant.

■ Again, we begin with the assumption that appellant was asking the trial court, and is now asking this court, to reduce his bail to $10,000.00 because he is without sufficient funds or income to post bail in any greater amount. The ability of an accused to post bail is a factor to be considered, but the inability to make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim.App. [Panel Op.] 1980); *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex.App.— Fort Worth 1982, pet. ref'd); *Brown*, 959 S.W.2d at 372. If the ability to make bond in a specified amount controlled, the role of the trial court in setting bond would be unnecessary and the accused would be able to set his own bond. *See Miller*, 631 S.W.2d at 827. The amount of bail must also be based on the nature of the offense and the circumstances under which it was committed. *See Ex parte Davila*, 623 S.W.2d 408, 409–10 (Tex.Crim.App. [Panel Op.] 1981); *Brown*, 959 S.W.2d at 372. In considering the nature of the offense, it is proper to consider the possible punishment. *See Charlesworth*, 600 S.W.2d at 317; *Vasquez*, 558 S.W.2d at 480; *Brown*, 959 S.W.2d at 372.

■ As previously noted, given the absence of a reporter's record before this court, the only evidence is the affidavits attached to appellant's application. While these affidavits may be evidence that appellant cannot make the $100,000.00 bond originally set by the trial court, appellant's inability to make either the original $100,000.00 bond or even the $90,000.00 reduced bond does not alone render the bond excessive or entitle appellant to a further bond reduction. Without a reporter's record, we are unable to consider the *Rubac* factors or the relevant article 17.15 factors, other than the inability to make the set bail and the nature of the offense. We also do not know what evidence, if any, the State may have presented concerning the adequacy of the bail set by the trial court. What we do know is that appellant has been charged with aggravated robbery, a first degree felony. Thus, he could be sentenced from 5 to 99 years in the Texas Department of Criminal Justice—Institutional Division and assessed a $10,000.00 fine if he is convicted. *See* Tex. Pen.Code Ann. § 12.32 (Vernon 1994). We also know appellant is alleged to have used a deadly weapon in the course of the assault.

Based on the evidence before us, we cannot say the trial court abused its discretion. Accordingly, we affirm the trial court's decision and deny appellant's request for relief.