In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00040-CV


______________________________




PHILLIP RODNEY NICHOLS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0518264




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Phillip Rodney Nichols appeals from the trial court's order garnishing his inmate trust fund
for payment of court costs. The order was signed April 3, 2006. Nichols did not file a motion for
new trial. His notice of appeal was filed March 12, 2007.

 According to Rule 26.1, Nichols had thirty days after the day the order was signed to file a
notice of appeal. See Tex. R. App. P. 26.1. Therefore, Nichols had until May 3, 2006, to file a
notice of appeal. Hence, this appeal is untimely and we are without jurisdiction to hear this case.

 We dismiss this appeal for want of jurisdiction. 



 Jack Carter

 Justice


Date Submitted: March 20, 2007

Date Decided: March 21, 2007



ception Locked="false" Priority="39" Name="toc 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00149-CR

                                                ______________________________

 

 

 

                                                 EX PARTE DAMARCUS HEARN

 

 

                                                                                                  


 

                                                                                                                            


                                      On
Appeal from the 402nd Judicial District Court

Wood
County, Texas

Trial
Court No. 21,068-2010

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

In
Wood County, a county in which he has no family or significant ties, Damarcus
Hearn stands accused of a gang-related murder, a first degree felony punishable
by a term of imprisonment for life or for any term of not more than ninety-nine
years or less than five years and a fine not to exceed $10,000.00.  See
Tex. Penal Code Ann. § 12.32
(Vernon Supp. 2010), § 20.04 (Vernon 2003).

Hearn
has been incarcerated, pending trial, since his arrest May 12, 2009.  His bond was set at $370,000.00.  On August 2, 2010, Hearn properly applied for
a writ of habeas corpus seeking to have his pretrial bond reduced.  After a hearing, the trial court entered an
order denying Hearns application and refusing to reduce the bond.  Hearn filed this appeal. 

Hearn
argues that the trial court abused its discretion by denying the bond reduction
because the bail set was excessive in violation of Article 17.15 of the Texas
Code of Criminal Procedure and the United States and Texas Constitutions.  Finding no abuse of discretion, we affirm the
trial courts order.

The
primary purpose or object of an appearance bond is to secure the presence of a
defendant in court for the trial of the offense charged.  Ex
parte Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).  Bail should not be set so high as to be
oppressive, guaranteeing the defendants appearance, but should be high enough
to provide reasonable assurance the defendant will appear at trial.  Ex
parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980).  Bail operates to balance the presumption of
innocence of the accused and the compelling interest of the State that the
accused appear to answer the accusation against him.  Balboa
v. State, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981).  Nevertheless, the burden of proof is on the
defendant to show the bail is excessive.  Rodriguez,
595 S.W.2d at 550.

In
reviewing bond settings on appeal, we are guided by Article 17.15 of the Texas
Code of Criminal Procedure,[1]
and we are to reverse a lower courts determination only if we find an abuse of
discretion.  Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005).  That is, we will reverse the trial courts
decision only if it was made without reference to any guiding principles or
was, in other words, arbitrary or unreasonable. 
Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on rehg).  Even if we would have reached a different
result, we should not intervene if the trial courts ruling is within the zone
of reasonable disagreement.  Id. at 391.  Under Texas law, the amount of bail required
in any case is within the discretion of the court, judge, magistrate, or
officer taking the bail, subject to the following rules:

1.         The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2.         The
power to require bail is not to be so used as to make it an instrument of
oppression.

 

3.         The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

4.         The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

5.         The
future safety of a victim of the alleged offense and the community shall be
considered.

 

Tex. Code Crim. Proc. Ann. art. 17.15.  In addition, the Texas Court of Criminal
Appeals has directed courts to consider the accuseds work record, family and
community ties, length of residency, prior criminal record (if any), and any
aggravating circumstances alleged to have been involved in the offense the
accused is charged with committing.[2]  Ex
parte Rubac, 611 S.W.2d 848, 84950 (Tex. Crim. App. 1981).

            With these principles in mind, we
address the pertinent factors.

 

Nature of the Offense

 

            The primary factors to be considered
in determining what constitutes reasonable bail are the punishment that can be
imposed and the nature of the offense.  Id. at 849.  Where the nature of the offense is serious
and involves aggravating factors, the likelihood of a lengthy prison sentence
following trial is great.  In re Hulin, 31 S.W.3d 754, 760 (Tex.
App.Houston [1st Dist.] 2000, no pet.). 
Bond in such cases should be set sufficiently high to secure the
defendants presence at trial because his reaction to the prospect of a
lengthy prison sentence might be not to appear.  Id.
at 761; see also Ex parte Scott, 122
S.W.3d 866, 86970 (Tex. App.Fort Worth 2003, no pet.).

            The charged offense is quite gravegang-related
murder, a first degree felonyas is the potential punishmenta term of
imprisonment for life or for any term of not more than ninety-nine years or
less than five years and a fine not to exceed $10,000.00.  Tex.
Penal Code Ann. §§ 12.32, 20.04. 
Given the serious nature of the offense of murder, the gang-related
element, the allegation of the use of a deadly weapon, and the potential for a
lengthy sentence, the trial court could have properly concluded that the amount
of the bond was reasonable.  Milner v. State, 263 S.W.3d 146, 14950
(Tex. App.Houston [1st Dist.] 2006, no pet.) (noting serious nature of crimes
of murder and attempted murder and substantial penalty if convicted, and
affirming bond of $500,000.00); see also
Ex parte Hunt, 138 S.W.3d 503 (Tex. App.Fort Worth 2004, pet. refd); Hulin, 31 S.W.3d at 760.

Ability to Make Bond

 

            A criminal defendants ability to
make bond is merely one factor to be considered in determining the appropriate
amount of bond.  Scott, 122 S.W.3d at 870 (citing Tex.
Code Crim. Proc. Ann. art. 17.15(4)). 
Here, it is undisputed that Hearn attempted to secure a bond, but was
financially unable to do so.  This factor
weighs in favor of a reduced bond; however, this factor is not controlling over
the other factors.  See id.

Work History and Community Ties

 

            Hearn was reportedly employed as a
restaurants assistant manager for the six-to-eight months preceding his
arrest, and worked at J & M Concrete before that time, though there is no
evidence how long he worked at J & M. 
Hearn has no family or significant ties in Wood County.  Hearn did testify that he had lived in
northeast Texas all of his life.  He was
raised in Daingerfield, Morris County, Texas, and he, his mother, and fiancée and
child all live in Longview, Gregg County, Texas.  If released, Hearn testified that he would,
once again, live in Longview, with his fiancée and son.  Though Hearn has some work history, he has no
family or significant ties in Wood County. 
Accordingly, the trial court could have concluded that the bond amount
was reasonable. 

Danger to the Community

 

            A year before his arrest in this
case, Hearn had pled guilty to a misdemeanor assault charge.  He has no other criminal record.  According to the indictment, Hearn is accused
of killing the victim with a firearm with the intent to establish, maintain,
or participate as a member of a criminal street gang.  However, inexplicably, the State failed to
proffer any evidence regarding the circumstances of the crime.  Despite the States failure, the trial court
could have concluded that the bond amount was reasonable because the allegation
of gang-related murder raises serious concerns about the danger to the
community posed by other gang-related activities.

            Here, even though the State failed
to develop the circumstances of the crime, we conclude that the violent nature
of the alleged crime, the gang-related element, the possibility of life in
prison, the potential continuing danger to the community, and the lack of ties
to Wood County, all weigh in favor of the bond amount.  We conclude that the court was within its
discretion to set bail at this level and had adequate information before it to
allow it to make a reasoned determination. 
Under these facts, the trial court did not abuse its discretion by
declining to reduce bond as requested.

            We affirm the order of the trial
court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          October 12, 2010

Date
Decided:             October 28, 2010

 

Do
Not Publish











[1]We
make no opinion regarding the applicability of Article 17.151 of the Texas Code
of Criminal Procedure.





[2]Although
Rubac dealt specifically with whether
a trial court abused its discretion in refusing to reduce an appeal bond,
appellate courts have generally applied these additional considerations in
determining whether there was an abuse of discretion in the original setting of
an appearance bond.  See Gonzalez v. State, 996 S.W.2d 350, 35253 (Tex. App.Houston
[14th Dist.] 1999, no pet.) (citing Ex
parte Emery, 970 S.W.2d 144, 145 (Tex. App.Waco 1998, no pet.); Ex parte Brown, 959 S.W.2d 369, 371
(Tex. App.Fort Worth 1998, no pet.); Smith
v. State, 829 S.W.2d 885, 887 (Tex. App.Houston [1st Dist.] 1992, pet.
ref'd)).  We agree these factors are
appropriately considered when reviewing either appeal or appearance bonds.