Affirmed and Memorandum Opinion filed November 8, 2007








Affirmed
and Memorandum Opinion filed November 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00506-CR

____________

 

EX PARTE KHALIL HADDAD

 

 

 



 

On Appeal from the 248th District
Court

Harris County, Texas

Trial Court Cause No. 1118826

 



 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from an order denying
Khalil Haddad=s application for writ of habeas corpus, seeking
reduction of pretrial bail.  Appellant is charged with the offense of false
statement to obtain credit[1]
and pretrial bail was set originally at $2 million, but was later reduced to
$350,000.  Appellant claims the trial court abused its discretion in refusing
to reduce bail to a reasonable amount.  We affirm.








Appellant claims it was an abuse of discretion to set bail
at $350,000 because this amount is excessive and in violation of the Fifth
Amendment of the United States Constitution, Article I, section 11 of the Texas
Constitution, and Articles 1.07, 1.09, and 17.15 of the Texas Code of Criminal
Procedure.  Appellant argues that application of the factors set out in Article
17.15 of the Code of Criminal Procedure and case law, including Ex parte
Bogia, 56 S.W.3d 835 (Tex. App.BHouston [1st
Dist.] 2001, no pet.),  mandates appellant=s bond be lowered 
to $30,000.  

Evidence
at the Hearing

In support of his claim that the bond was excessive,
appellant offered the testimony of four witnesses.  Edd Blackwood, Jr., is a
licensed bail bondsman in Harris County.  He testified that he bases his
decision whether to make bail on the charge, the penalty, the amount of the
bond, social involvement in the community, family ties, employment record, past
history, and collateral.  In this case, Blackwood testified he talked with
appellant and did research.  According to his research, Blackwood found that
appellant owns more than one parcel of property, but one may be homestead and
appellant has no equity in the other properties.  Furthermore, Blackwood
testified that, although appellant is employed there is no bank account, car
title, or other collateral.  Thus, Blackwood testified that he would make a
bond of $20-30,000.

Richard Prinz, appellant=s immigration
attorney, testified that appellant entered the country as a visitor, then
married, applied for a green card and then divorced.  Appellant was denied a
green card and has overstayed his visa, but has applied for a green card
through employment.  








Ahmad Shayeb and Juan Carlos Bolivian testified on behalf
of appellant.  Shayeb testified he knew appellant as a fellow car salesman. 
Shayeb testified that appellant is known in the Arabic community, has no family
in the State, and has never expressed a desire to leave the country.  Shayeb
testified that appellant could stay with him if he is released on bond. 
Bolivian testified he is a personal trainer at 24 Hour Fitness, where he met
and worked with appellant.  Bolivian became friends with appellant.  Bolivian
did not know of any relatives of appellant living in Houston or in the
country.  Bolivian testified he would allow appellant to live with him if he is
released on bond.

The State offered the testimony of Michael Kelly, an
investigator for the Harris County District Attorney=s office.  Kelly
opened an investigation into the activities of appellant and appellant=s brother in
February of 2007.  Elizabeth Ubinger provided information to Kelly that she was
employed by appellant and his brother in the real estate investment business. 
Ubinger testified that she transported straw buyers to closings and assisted
with the use of false information on applications for loans.  After
investigation of thirteen of the properties purchased, Kelly found that
appellant and his brother received approximately $2.2 million.  Kelly has not
completed his review of all transactions.  Kelly has not learned where this
money went.  In March 2007, Kelly learned that appellant moved out of his
apartment.  Kelly placed a Customs Alert and he was advised in April 2007 that
appellant, his brother, and a woman were attempting to leave the country on a
private plane.  Appellant was then arrested.  Kelly discovered a bank account
for a business owned by appellant and his brother and it contained less than
$100.  Kelly has not located other bank accounts.  

Standard
of Review

Article 17.15 of the Code of Criminal Procedure provides
the parameters for fixing the amount of bail.   Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005).  The
statute provides these rules:  

(1) The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.








(2) The power to
require bail is not to be so used as to make it an instrument of oppression.

(3) The nature of the
offense and the circumstances under which it was committed are to be
considered.

(4) The ability to make
bail is to be regarded, and proof may be taken upon this point.

(5) The future safety
of a victim of the alleged offense and the community shall be considered.

 

Tex. Code
Crim. Proc. Ann. art. 17.15 (Vernon 2005).  

The defendant
bears the burden of showing that the amount of bail set is excessive.  Ex
parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981).  The primary
factors we must consider in reviewing bond are the punishment that may be
imposed and the nature of the offense.  Id.  Other factors we must
consider include family ties, ability to make bond, residency, the defendant=s work history,
prior criminal record, aggravating factors involved in the offense, and
previous and outstanding bonds.  Id. at 849-50.  Ability or inability to
make bail does not alone control in determining the amount of bond.  Ex
parte Vance, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980).

A.  Sufficient
Bail to Assure Appearance

The evidence
indicates that appellant and his brother had moved out of their apartment and
were attempting to leave the country by private plane from an airport in
Maine.  Although appellant argues that there is no evidence appellant knew he
was being investigated, the attempt to leave the jurisdiction nonetheless
supports a higher bond.  Appellant has no family ties in Houston or Texas,
other than his brother.

B. Not to be Used
as an Instrument of Oppression








The second factor requires a trial court to ensure that
bail is not used as an instrument of oppression.  The bail bondsman testified
that, given the lack of bank accounts and property for collateral, he could
make a bond no higher than $20-30,000.  However, the investigator from the DA=s office testified
that appellant=s business had received wire transfers of over $2
million.  Despite wire transfers of over $2 million to appellant and his
brother, the bank accounts located by the DA=s investigation to
date contain less than $100.  

Certainly, the lack of funds in bank accounts supports a
lower bond, but the record tends to show that appellant should have more funds
than those located to date.  Simply because the bail bondsman testified he
would make only a low bond does not prove that bail is being used as an
instrument of oppression.

C. Nature of the Offense

In connection with this factor, we must consider the length
of the sentence and the nature of the offense.  Rubac, 611 S.W.2d at
849.  Appellant is charged with one count of false statement to obtain credit,
a first-degree felony offense.  The punishment for a first-degree felony is
imprisonment for life or for a term of not more than 99 years or less than 5
years, and a fine not to exceed $10,000.  See Tex. Penal Code Ann. ' 12.32 (Vernon
2003).  Thus, the nature of the offense is serious, with a potentially
substantial punishment.  








Bail amounts for first-degree felonies range from $1,000 to
$1 million.  See, e.g., Ex parte Carson, 215 S.W.3d 921 (Tex. App.BTexarkana 2007, no
pet.)(bail for possession of controlled substanceB$1,000); Tran
v. State, 2006 WL 1771815 (Tex. App.BHouston [1st
Dist.] 2006, no pet.)(bail for possession of cocaineB$800,000; bail for
possession of marijuanaB$500,000);  Pharris v. State, 2006
WL 3313323 (Tex. App.BHouston [14th Dist.] 2006, pet. ref=d)(bail for
first-degree felony theftB$500,000); Ex parte Cuevas, 2004 WL
527960 (Tex. App.BEastland 2004, no pet.)(bail for engaging
in organized criminal activityB$1,000,000); Gonzalez v. State, 996
S.W.2d 350 (Tex. App.BHouston [14th Dist.] 1999, no pet.)(bail
for aggravated robberyB$90,000); In re Traylor, 1999 WL
497424 (Tex. App.BHouston [1st Dist.] 1999, no pet.)(bail
for theftB$100,000).  Considering this range of amounts, bail of
$350,000 is not unreasonable.

D. Ability to Make Bail

Although the ability to make bail is a factor to consider,
it is not controlling.  See Vance, 608 S.W.2d at 683.  The bail bondsman
testified that he would make a bond no higher than $30,000 for appellant. 
However, the record also shows that appellant and his brother received wire
transfers, in connection with their real estate activities, of funds in excess
of $2 million.  Appellant provided no evidence regarding income earned or value
of the real estate companies owned by appellant and his brother.  

E.  Future Safety of the Victim and Community

No evidence was presented regarding future safety of
victims in this case.

F.  Remaining Factors

The remaining factors include work record, family ties,
length of residence, and past record of appearing for trial.  No evidence was
presented of prior bail or criminal record.  The record does not show appellant=s length of
residence.  Appellant=s work record, other than general
testimony about past car sales, involves activities for which he is charged in
this case.  The record indicates that appellant has no family ties in Houston
or in the state.  Finally, the record indicates that appellant may be a flight
risk.  Although appellant=s counsel argues that there is no proof
appellant knew of possible criminal charges at the time he was preparing to
leave the country, the circumstances raise a strong inference that appellant is
a flight risk.  Appellant had moved out of his apartment, traveled to another
state, and made arrangements to leave the country on a private plane.  This
factor alone supports a high bail.

 

 








Conclusion

Case law provides that the primary factor to consider is
the nature of the offense.  See, e.g., Rubac, 611 S.W.2d at 849.  Based
upon our review of the record, including the risk of flight and the serious
nature of the offense, we cannot say the trial court abused its discretion in
setting bail at $350,000.

We overrule appellant=s sole issue and
we affirm the trial court=s order denying appellant=s application for
writ of habeas corpus. 

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 8, 2007.

Panel consists of Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  Khalil Haddad and Ebah Haddad are brothers charged
with being involved in the same mortgage fraud scheme.  Pretrial bail for Ebah
Haddad was set at $350,000, and his appeal from the trial court=s denial of his application for writ of habeas corpus
is filed under cause number 14-07-00506-CR.  By opinion issued October 25,
2007, this court affirmed the trial court=s
order in Ebah Haddad=s appeal.