

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00149-CR

_____

EX PARTE DAMARCUS HEARN

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 21,068-2010

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In Wood County, a county in which he has no family or significant ties, Damarcus Hearn stands accused of a gang-related murder, a first degree felony punishable by a term of imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010), § 20.04 (Vernon 2003).

Hearn has been incarcerated, pending trial, since his arrest May 12, 2009. His bond was set at $370,000.00. On August 2, 2010, Hearn properly applied for a writ of habeas corpus seeking to have his pretrial bond reduced. After a hearing, the trial court entered an order denying Hearn's application and refusing to reduce the bond. Hearn filed this appeal.

Hearn argues that the trial court abused its discretion by denying the bond reduction because the bail set was excessive in violation of Article 17.15 of the Texas Code of Criminal Procedure and the United States and Texas Constitutions. Finding no abuse of discretion, we affirm the trial court's order.

"The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged." *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). Bail should not be set so high as to be oppressive, guaranteeing the defendant's appearance, but should be high enough to provide reasonable assurance the defendant will appear at trial. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). Bail operates to

balance the "presumption of innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him." *Balboa v. State*, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981). Nevertheless, the burden of proof is on the defendant to show the bail is excessive. *Rodriguez*, 595 S.W.2d at 550.

In reviewing bond settings on appeal, we are guided by Article 17.15 of the Texas Code of Criminal Procedure,[1] and we are to reverse a lower court's determination only if we find an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). That is, we will reverse the trial court's decision only if it was made without reference to any guiding principles or was, in other words, arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). Even if we would have reached a different result, we should not intervene if the trial court's ruling is within the zone of reasonable disagreement. *Id*. at 391. Under Texas law, the amount of bail required in any case is within the discretion of the court, judge, magistrate, or officer taking the bail, subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

---

[1] We make no opinion regarding the applicability of Article 17.151 of the Texas Code of Criminal Procedure.

4.     The ability to make bail is to be regarded, and proof may be taken upon this point.

5.     The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15.   In addition, the Texas Court of Criminal Appeals has directed courts to consider the accused's work record, family and community ties, length of residency, prior criminal record (if any), and any aggravating circumstances alleged to have been involved in the offense the accused is charged with committing.[2]   *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981).

With these principles in mind, we address the pertinent factors.

*Nature of the Offense*

The primary factors to be considered in determining what constitutes reasonable bail are the punishment that can be imposed and the nature of the offense.   *Id.* at 849.   "Where the nature of the offense is serious and involves aggravating factors, the likelihood of a lengthy prison sentence following trial is great."   *In re Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).   Bond in such cases should be set sufficiently high to secure the defendant's presence at trial because his "reaction to the prospect of a lengthy prison sentence

---

[2]Although *Rubac* dealt specifically with whether a trial court abused its discretion in refusing to reduce an appeal bond, appellate courts have generally applied these additional considerations in determining whether there was an abuse of discretion in the original setting of an appearance bond.  *See Gonzalez v. State*, 996 S.W.2d 350, 352–53 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Ex parte Emery*, 970 S.W.2d 144, 145 (Tex. App.—Waco 1998, no pet.); *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.); *Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd)).  We agree these factors are appropriately considered when reviewing either appeal or appearance bonds.

might be not to appear." *Id.* at 761; *see also Ex parte Scott*, 122 S.W.3d 866, 869–70 (Tex. App.—Fort Worth 2003, no pet.).

The charged offense is quite grave—gang-related murder, a first degree felony—as is the potential punishment—a term of imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. §§ 12.32, 20.04. Given the serious nature of the offense of murder, the gang-related element, the allegation of the use of a deadly weapon, and the potential for a lengthy sentence, the trial court could have properly concluded that the amount of the bond was reasonable. *Milner v. State*, 263 S.W.3d 146, 149–50 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting serious nature of crimes of murder and attempted murder and substantial penalty if convicted, and affirming bond of $500,000.00); *see also Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004, pet. ref'd); *Hulin*, 31 S.W.3d at 760.

*Ability to Make Bond*

A criminal defendant's ability to make bond is "merely one factor to be considered in determining the appropriate amount of bond." *Scott*, 122 S.W.3d at 870 (citing TEX. CODE CRIM. PROC. ANN. art. 17.15(4)). Here, it is undisputed that Hearn attempted to secure a bond, but was financially unable to do so. This factor weighs in favor of a reduced bond; however, this factor is not controlling over the other factors. *See id.*

*Work History and Community Ties*

5

Hearn was reportedly employed as a restaurant's assistant manager for the six-to-eight months preceding his arrest, and worked at J & M Concrete before that time, though there is no evidence how long he worked at J & M. Hearn has no family or significant ties in Wood County. Hearn did testify that he had lived in northeast Texas all of his life. He was raised in Daingerfield, Morris County, Texas, and he, his mother, and fiancée and child all live in Longview, Gregg County, Texas. If released, Hearn testified that he would, once again, live in Longview, with his fiancée and son. Though Hearn has some work history, he has no family or significant ties in Wood County. Accordingly, the trial court could have concluded that the bond amount was reasonable.

*Danger to the Community*

A year before his arrest in this case, Hearn had pled guilty to a misdemeanor assault charge. He has no other criminal record. According to the indictment, Hearn is accused of killing the victim with a firearm with the "intent to establish, maintain, or participate as a member of a criminal street gang." However, inexplicably, the State failed to proffer any evidence regarding the circumstances of the crime. Despite the State's failure, the trial court could have concluded that the bond amount was reasonable because the allegation of gang-related murder raises serious concerns about the danger to the community posed by other gang-related activities.

Here, even though the State failed to develop the circumstances of the crime, we conclude that the violent nature of the alleged crime, the gang-related element, the possibility of life in

6

prison, the potential continuing danger to the community, and the lack of ties to Wood County, all weigh in favor of the bond amount. We conclude that the court was within its discretion to set bail at this level and had adequate information before it to allow it to make a reasoned determination. Under these facts, the trial court did not abuse its discretion by declining to reduce bond as requested.

We affirm the order of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:      October 12, 2010
Date Decided:        October 28, 2010

Do Not Publish

7