# NO. 12-21-00206-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 145TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *KIRBY LOVELL* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Kirby Lovell appeals the trial court's denial of his application for writ of habeas corpus seeking bail reduction. We affirm.

## BACKGROUND

On April 12, 2019, while Appellant was out on bond for possession of a controlled substance, he was arrested for the offense that is the subject of this appeal—driving while intoxicated (DWI), third or more offense. He was subsequently released on a preindictment bond.[1] While out on bond, Appellant was arrested twice more for DWI. In 2021, he was charged by indictment with the present offense. His bond was set at $250,000.00.

Appellant filed an application for writ of habeas corpus seeking reduction of his bond to a "reasonable amount." After a hearing on the application, the trial court entered an order continuing Appellant's bail amount at $250,000.00. This appeal followed.

## BOND REDUCTION DENIAL

In Appellant's sole issue, he argues that the trial court erred by denying his request for a bond reduction.

---

[1] We find no indication in the record of the amount of this bond, other than the fact that it was not $250,000.00.

## Standard of Review

Bail settings are reviewed under an abuse of discretion standard. *See **Ex parte Rubac***, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). The reviewing court will not disturb the trial court's decision if that decision is within the zone of reasonable disagreement. ***Ex parte Beard***, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd).

## Applicable Law

"Bail" is the security given by the accused that he will appear and answer before the proper court the accusation brought against him and includes a bail bond or personal bond. TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2015). The primary purpose in setting bail is to secure the defendant's presence at trial. ***Ex parte Vasquez***, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident[.]" TEX. CONST. art. I § 11. Excessive bail shall not be required. *Id.* § 13.

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail[.]" TEX. CODE CRIM. PROC. ANN. art. 17.15 (West Supp. 2021). The exercise of this discretion is governed by the Constitution and the following rules:

1. Bail and any conditions of bail shall be sufficient to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used to make bail an instrument of oppression.

3. The nature of the offense and the circumstances under which the offense was committed are to be considered, including whether the offense:

   (A) is an offense involving violence as defined by Article 17.03; or

   (B) involves violence directed against a peace officer.

4. The ability to make bail shall be considered, and proof may be taken on this point.

5. The future safety of a victim of the alleged offense, law enforcement, and the community shall be considered.

6. The criminal history record information for the defendant, including information obtained through the statewide telecommunications system maintained by the Department of Public Safety and through the public safety report system developed under Article 17.021, shall be considered, including any acts of family violence, other pending criminal charges, and any instances in which the defendant failed to appear in court following release on bail.

7. The citizenship status of the defendant shall be considered.

*Id.*; *Golden v. State*, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). In determining the amount of a defendant's bail, the following factors should also be considered: (1) work record, (2) family and community ties, (3) length of residency, (4) conformity with conditions of previous bonds, and (5) existence of outstanding bonds. *Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Although the accused's ability to make bail is a factor to consider, that factor alone does not control the amount of bail even if the accused is indigent. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980). The burden is on the defendant to show that the amount of bail is excessive. *Id.*

**Analysis**

Appellant argues that his bond is "oppressively high," the trial court considered only the nature and circumstances of the charged offense in setting it, and the importance of the evidence related to that factor is outweighed by that of factors supporting a bond reduction, specifically his inability to make the bond, work record, and long residency in the community. We disagree.

First, the record does not support Appellant's assertion that his bond is "oppressively high." A bail amount is oppressive when it is set based on the assumption that the accused cannot afford bail in that amount and for the express purpose of forcing the accused to remain incarcerated. *Ex parte Nimnicht*, 467 S.W.3d 64, 70 (Tex. App.—San Antonio 2015, no pet.). Nothing in the record before us indicates that the trial court set bail in this case for such a purpose. Based on the record here, we cannot conclude that the trial court used its power to make bail an instrument of oppression. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 17.15.

Second, the record does not support Appellant's assertion that the trial court considered only the nature and circumstances of the charged offense in setting bail. In addition to a report based on the charged offense, the court admitted into evidence three other offense reports offered by the State. The court also heard the testimony of Appellant's wife, Melanie Wilkinson, regarding several other factors relevant to its bail decision, as well as the arguments of the parties. The court then stated that it would take the matter under advisement, review the State's exhibits, and likely rule on the matter later that day. At no time did the court indicate that it would consider only the nature and circumstances of the charged offense in making its ruling.

Finally, even if the evidence of Appellant's inability to make the bond, work record, and long residency in the community weigh in favor of a bond reduction, it does not compel a

reduction in this case considering the evidence related to other factors. We now discuss the relevant factors.

Regarding Appellant's ability to make the bond, Wilkinson testified that she called seven bondsmen. One bondsman refused her because the bond amount was too high. Another required four cosigners and payment of $25,000.00. The remaining bondsmen required down payments of $18,500.00, $12,000.00, $12,000.00, $8,000.00, and $2,000.00, respectively. Wilkinson worked at a hospital and had only $1,000.00 and no additional assets or ability to borrow money to make the $250,000.00 bond. She asked the court to reduce the bond to $10,000.00. Wilkinson's testimony tends to show that she could not make the bond. However, although a defendant's ability or inability to make bail must be considered by the trial court, it does not control the court's determination. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; ***Ex parte Vance***, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980). Furthermore, although Wilkinson's testimony shows that she personally lacked the ability to make the bond, it does not show that Appellant and his other family members lacked that ability. *See* ***Milner v. State***, 263 S.W.3d 146, 149 (Tex. App—Houston [1st Dist.] 2006, no pet.) (defendant generally must establish his and his family's funds have been exhausted to show inability to make bail). We conclude that this factor weighs only slightly in favor of a bail reduction.

Regarding Appellant's work record and residency, Wilkinson testified that Appellant lived locally with her for the previous thirteen years. He worked at the same job for almost seven years. His job was being held for him, and he planned to return to work there if he made bond. These factors weigh in favor of a bond reduction.

On the other hand, the evidence related to the nature and circumstances of Appellant's offense, community safety, criminal history, and conformity with conditions of previous bonds weighs against a bond reduction. Felony DWI has the potential to result in serious consequences. ***Perez v. State***, 897 S.W.2d 893, 898 (Tex. App.—San Antonio 1995, no pet.). A trial court may reasonably find that a defendant poses a danger to the community based on a history of drunk driving and consider it a compelling factor in setting his bail. *See* ***Ex parte Williams***, Nos. 12-18-00174-CR, 12-18-00175-CR, 2018 WL 5961309 at *3 (Tex. App.—Tyler Nov. 14, 2018, no pet.) (mem. op., not designated for publication) (court could consider evidence of two prior DWI convictions and current allegation of intoxication manslaughter compelling factor in continuing bail at $100,000.00 in each of two counts). When considering the nature of the offense in setting

bail, the punishment permitted by law may be considered. *Vasquez*, 558 S.W.2d at 480. A history of noncompliance with bond conditions weighs against a determination that the bail amount is excessive. *See Ex parte Anderson*, Nos. 01-20-00572-CR, 01-20-00573-CR, 01-20-00574-CR, 2021 WL 499080 at *12 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication).

In this case, Wilkinson testified that Appellant has four prior DWI convictions. He went to prison for DWI in 1994 and 2009. In 2003, Appellant went to prison for unlawful possession of a firearm by a felon. In 2018, he was arrested for possession of a controlled substance and bonded out. While out on bond, Appellant was arrested for DWI in April 2019 (resulting in the present charge), November 2019, and October 2020, and for a traffic offense in February 2021.

Based on the evidence of Appellant's lengthy DWI history, including his persistence in committing that behavior even while out on bond, the trial court reasonably could have found that Appellant posed a danger to the community and considered that a compelling factor in continuing his bail at $250,000.00. *See Williams*, 2018 WL 5961309 at *3; *Ex parte Rincon*, Nos. 04-13-00715-CR, 04-13-00718-CR, 2014 WL 2443870 at *3 (Tex. App.—San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication) (court could consider evidence of prior DWI related convictions and current DWI related allegations a compelling factor in continuing combined bail of $275,000.00). Furthermore, because of Appellant's prior felony convictions, he faces habitual offender punishment of imprisonment for twenty-five to ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019). This lengthy potential sentence also weighs against a bond reduction. *See Vasquez*, 558 S.W.2d at 480; *Williams*, 2018 WL 5961309 at *3 (more severe punishment range associated with deadly weapon allegation weighed in favor of court's decision not to reduce bond amount).

After considering all the relevant factors, we cannot conclude that the trial court erred by denying Appellant's application for writ of habeas corpus and continuing his bail amount of $250,000.00. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *Smith*, 829 S.W.2d at 887. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying habeas relief.

**GREG NEELEY**
Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-21-00206-CR**

**EX PARTE: KIRBY LOVELL**

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F2125526)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying habeas relief.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying habeas relief below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*